UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENYATA BROWN,

    Plaintiff,

v.                                                           Case No: 2:16-cv-74-FtM-38CM

GEO GROUP INC., MIKE
CARROLL, GEORGE ZOLEY,
KRISTIN KANNER, DONALD
SAWYER, CHRIS CATRON,
WILLIAM PRICE and REBECCA
JACKSON,

    Defendants.

_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court upon review of the Motion to Dismiss filed on behalf of Defendants William Price, Christopher Catron, Donald Sawyer, and Rebecca Jackson (Doc. #31). Plaintiff did not file a response to the Motion and the time to do so has long expired. See Doc. #14 (warning Plaintiff that when a defendant files a motion to dismiss, plaintiff shall have twenty-one days to file a response). This matter is ripe for review.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

# I.

As background, Plaintiff Kenyata Brown, who is civilly committed at the Florida Civil Commitment Center ("FCCC") under Florida's Sexual Violent Predator's Act, Florida Statute §§ 394.910-.913, initiated this action as one of nineteen plaintiffs by filing a 42 U.S.C. § 1983 "sealed Class Action Complaint" (Doc. #1). On January 28, 2016, the Court entered an order (Doc. #2) dismissing the class action, without prejudice, under section 1915 and declining to certify a class. However, the Court allowed each plaintiff an opportunity to file an Amended Complaint on or before February 29, 2016.

Plaintiff timely filed a motion for an enlargement of time, which the Court granted. Plaintiff then timely filed an Amended Complaint (Doc. #9). Prior to directing Plaintiff to complete service of process forms, the Court reviewed Plaintiff's Amended Complaint under section 1915 and entered an order of partial dismissal. In particular, the Court dismissed one of the named defendants, Brian Masony, because the Amended Complaint contained no factual allegations whatsoever as to Masony, and the First Amendment interference to access to court claim finding failure to state a claim. Doc. #13.

Although far from the model of clarity, the Amended Complaint generally challenges Florida's Sexual Violent Predator's Act, Florida Statute §§ 394.910-.913 (hereinafter "SVP Act") and argues that the SVP Act is unconstitutional and suggests ways the Florida legislators could improve the SVP Act. Plaintiff also makes vague and non-specific allegations regarding the treatment provided to various "class members" at the FCCC and avers that the named defendants are liable in their individual capacities for adhering to the unconstitutional statutes.

The Amended Complaint alleges that Florida's SVP Act is "not narrowly tailored" because:

> (1) it "indisputably [fails] to require periodic risk assessments";
>
> (2) it fails to provide a "judicial bypass mechanism" to challenge his ongoing commitment;
>
> (3) "the statutory discharge criteria is more stringent than the statutory commitment criteria";
>
> (4) it authorizes "the burden to petition for a reduction in custody to impermissibly shift from the State" to Plaintiff;
>
> (5) it requires civilly committed individuals to show by clear and convincing evidence that a less restrictive alternative is appropriate; and
>
> (6) it does not require the defendants to take any affirmative action, such as petition for a reduction in custody when the resident no longer satisfies the criteria for continued commitment.

Amended Complaint at 6-12. Plaintiff also urges that Florida's SVP Act is unconstitutional as-applied because:

> (7) Defendants Kanner, Zoley, Carroll, Sawyer, and Jackson do not conduct periodic risk assessments of civilly committed people at the FCCC;
>
> (8) the risk assessments that have been performed since the opening of the FCCC have not all been done in a constitutional manner;
>
> (9) Plaintiff has remained confined at the FCCC even though he has completed treatment or sufficiently reduced his risk of reoffending;
>
> (10) discharge procedures are not working properly at FCCC;
>
> (11) although the SVP Act expressly allows the referral of committed individuals to less restrictive alternatives, this is not occurring in practice;
>
> (12) although treatment has been made available, the treatment program's structure has been an institutional failure

and there is no meaningful relationship between the treatment program and an end to indefinite detention;

(13) his due process rights were violated when the probable cause hearing was held outside of his or his attorney's presence; and

(14) Plaintiff's Equal Protection rights were violated "because his liberty has been implicated as a result of Fla. Stat. § 394 Part V being unconstitutional on its face because the defendants use "the statute to punishing and/or detain 'Male' sex offenders after completion of their prison sentence and not applying [sic] the same standard to 'Female' sex offenders for their past and present sexual violent offenses."[2]

Id. at 17-28. In a requested relief section seven pages in length, Plaintiff requests in pertinent part that "substantial changes be made to Florida's sex offender civil commitment scheme," and two million dollars in punitive and compensatory damages. Id. at 21-27.

Defendants move to dismiss arguing that the Amended Complaint violates Rules 8 and 10 of the Federal Rules of Civil Procedure. Motion at 5-7. In support, Defendants point to substantially similar civil actions raising similar claims wherein this Court granted Defendants' motion to dismiss. Id. at 4-5.

**II.**

When considering a Rule 12(b)(6) motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations

---

[2]The remainder of the Amended Complaint is confusing and repetitive and appears to raise claims unrelated to Plaintiff. To the extent Plaintiff intended to raise claims not addressed in this Order, they are dismissed for failure to state a claim on which relief can be granted and as a violation of Rules 8 and 10 of the Federal Rules of Civil Procedure.

in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Further, Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court, referring to its earlier decision in Bell Atlantic Corp. v. Twombly, illustrated a two-pronged approach to motions to dismiss. First, a reviewing Court must determine whether a plaintiff's allegation is merely an unsupported legal conclusion that is not entitled to an assumption of truth. Next, the Court must determine whether the complaint's factual allegations state a claim for relief that is plausible on its face. Iqbal, 556 U.S. at 679.

Although the Court may hold a *pro se* litigant to "a less stringent standard," the *pro se* litigant may not rely on conclusory allegations or legal conclusion in the place of factual allegations to overcome a motion to dismiss. Taylor v. Books a Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002). Conclusory allegations will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief. Municipal Utilities Bd. of Albertville v. Alabama Power Co., 934 F.2d 1493, 1501 (11th Cir. 1991). A *pro se* litigant

in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Further, Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court, referring to its earlier decision in Bell Atlantic Corp. v. Twombly, illustrated a two-pronged approach to motions to dismiss. First, a reviewing Court must determine whether a plaintiff's allegation is merely an unsupported legal conclusion that is not entitled to an assumption of truth. Next, the Court must determine whether the complaint's factual allegations state a claim for relief that is plausible on its face. Iqbal, 556 U.S. at 679.

Although the Court may hold a *pro se* litigant to "a less stringent standard," the *pro se* litigant may not rely on conclusory allegations or legal conclusion in the place of factual allegations to overcome a motion to dismiss. Taylor v. Books a Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002). Conclusory allegations will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief. Municipal Utilities Bd. of Albertville v. Alabama Power Co., 934 F.2d 1493, 1501 (11th Cir. 1991). A *pro se* litigant

is still bound to follow the pleading requirements set forth in the Federal Rules of Civil Procedure. Goldsmith v. City of Atmore, 996 F.2d 1155, 1161 (11th Cir. 1993).

On a motion to dismiss, the Court may consider matters judicially noticed. La Grasta v. First Union Sec. Inc., 358 F.3d 840, 845 (11th Cir. 2004). These matters include documents which are central to a plaintiff's claim whose authenticity is not challenged, whether the document is physically attached to the complaint or not, without converting the motion into one for summary judgment. Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention, 623 F.2d 1371, 1379 (11th Cir. 2010); SFM Holdings Ltd. v. Banc of America Securities, LLC, 600 F.3d 1334, 137 (11th Cir. 2010).

The Court may also take judicial notice of and consider documents that are public records. This is based on the fact that such documents are "public records that [are] 'not subject to reasonable dispute' because they [are] 'capable of accurate and ready determination by resort to sources whose accuracy [can] not reasonably be questioned.'" Horne v. Potter, 392 Fed. App'x 800, 802 (11th Cir. 2010)(quoting Fed.R.Evid. 201(b)). Moreover, "a court may take notice of another court's order . . . for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of that litigation." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir.1994).

**III.**

The Florida legislature enacted the SVP Act, by which a person determined to be a sexually violent predator is required to be housed in a secure facility "for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." § 394.917(2). The SVP Act

was promulgated for the dual purpose "of providing mental health treatment to sexually violent predators and protecting the public from these individuals." Westerheide v. State, 831 So. 2d 93, 112 (Fla. 2002); Kansas v. Hendricks, 521 U.S. 346 (1997) (holding that the Kansas Sexually Violent Predator Act did not establish criminal proceedings, and involuntary confinement pursuant to the Act was not punitive). Civil commitment under the Act involves several steps. First, the SVP Act requires a mental evaluation of any person who has committed a sexually violent offense and is scheduled for release from prison or involuntary confinement. See generally Fla. Stat. § 394.913. The evaluation is conducted by a multi-disciplinary team of mental health professionals who must determine whether the individual meets the definition of a "sexually violent predator." After the evaluation, the state attorney may file a petition with the circuit court alleging that the individual is a sexually violent predator subject to civil commitment under the Act. Id. If the judge determines that probable cause exists that the individual is a sexually violent predator, then the judge will order the individual to remain in custody. § 394.915. Thereafter, a jury trial, or a bench trial if neither party requests a jury trial, will commence. Id. If the jury finds that the individual is a sexually violent predator by clear and convincing evidence, then the individual will be committed to the custody of the Department of Children and Family Services for "control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." § 394.917.

This Court takes judicial notice of the Minnesota district court's order to which Plaintiff cites, Karsjens v. Piper, 109 F. Supp.3d 1139 (D. Minn. June 17, 2015). Complaint at 29. Most of the factual allegations in the instant Amended Complaint

appear to actually concern Minnesota's SVP statutes at issue in Karsjens, 109 F. Supp.3d 1139, and are not an accurate factual recitation of Florida's SVP Act. Instead, it appears Plaintiff merely copies and paraphrases entire sections of the Minnesota district court's conclusions in Karsjens and raises each of the Karsjens district court's stated conclusions as a claim in the instant case, notwithstanding that Minnesota's SVP statutes are different from Florida's SVP Act. Compare, e.g., Karsjens, 109 F.Supp.3d at 1173-74 (reviewing Minnesota's SVP statutes), with, e.g., Westerheide, 831 So.2d at 104-106 (reviewing Florida's SVP Act). Also noteworthy, the Eighth Circuit Court of Appeal subsequently reversed the district court's opinion in Karsjens, finding Minnesota's SVP statutes in fact comported with the United States Constitution. 845 F.3d 394 (8th Cir. 2017).

Here, the Amended Complaint consists of unsupported legal conclusions and misstatements of fact concerning Florida's SVP Act. For the reasons that follow, the Court finds Defendants' motion to dismiss is due to be granted.

**1. Florida's SVP Act provides that a petitioner is entitled to be present and to be represented by counsel during his or her probable cause hearing**

Initially, the Amended Complaint alleges that Florida's SVP Act is unconstitutional because it does not recognize the right of a person deemed to be a sexually violent predator to be present and to be represented by counsel at his probable cause hearing. This factual allegation about Florida's SVP Act is patently incorrect. In Florida, a person suspected of being a sexually violent predator has the right to appear in person at the probable cause hearing and to be represented by counsel. See Fla. Stat. §§ 394.915(2) and (2)(a) (stating that the person against whom the probable cause hearing is directed "shall be provided with notice of, and an opportunity to appear in person at, an adversarial hearing" and has the right to be represented by counsel at the hearing).

Accordingly, any claims based upon allegations that the probable cause hearings as described in Florida's SVP Act are unconstitutional (because they are conducted ex parte and without the benefit of counsel) are dismissed for failure to state a claim upon which relief may be granted. Likewise, any claims against the individual defendants based upon their adherence to the Florida SVP's Act as it relates to the probable cause hearing are dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

**2. Florida's SVP Act requires periodic assessments of a civil detainee's mental condition and provide for judicial review of the assessments at the detainee's request**

Plaintiff alleges that the SVP Act is unconstitutional because it does not require periodic risk assessments of a civil detainee's mental condition. To the contrary, Florida's SVP Act provides for periodic assessments of a civil detainee's mental condition and for judicial review at the civil detainee's request at any time after commitment. Florida Statute § 394.918   Specifically, Florida Statute § 394.918 provides:

> A person committed under this part shall have an examination of his or her mental condition once every year or more frequently at the court's discretion. The person may retain or, if the person is indigent and so requests, the court may appoint, a qualified professional to examine the person. Such a professional shall have access to all records concerning the person. The results of the examination shall be provided to the court that committed the person under this part. Upon receipt of the report, the court shall conduct a review of the person's status.
>
> The department shall provide the person with annual written notice of the person's right to petition the court for release over the objection of the director of the facility where the person is housed. The notice must contain a waiver of rights. The director of the facility shall forward the notice and waiver form to the court.

> The court shall hold a limited hearing to determine whether there is probable cause to believe that the person's condition has so changed that it is safe for the person to be at large and that the person will not engage in acts of sexual violence if discharged. The person has the right to be represented by counsel at the probable cause hearing and the right to be present. Both the petitioner and the respondent may present evidence that the court may weigh and consider. If the court determines that there is probable cause to believe it is safe to release the person, the court shall set a trial before the court on the issue.
>
> At the trial before the court, the person is entitled to be present and is entitled to the benefit of all constitutional protections afforded the person at the initial trial, except for the right to a jury. The state attorney shall represent the state and has the right to have the person examined by professionals chosen by the state. At the hearing, the state bears the burden of proving, by clear and convincing evidence, that the person's mental condition remains such that it is not safe for the person to be at large and that, if released, the person is likely to engage in acts of sexual violence.

Fla. Stat. §§ 394.918(1)-(4) (emphases added). Florida's SVP Act further provides:

> **A person is not prohibited from filing a petition for discharge at any time after commitment under this part.** However, if the person has previously filed such a petition without the approval of the secretary or the secretary's designee and the court determined that the petition was without merit, a subsequent petition shall be denied unless the petition contains facts upon which a court could find that the person's condition has so changed that a probable cause hearing is warranted.

Fla. Stat. § 394.920 (emphasis added). Thus, the SVP Act provides for <u>both</u> mandatory periodic reviews of a civil detainee's mental condition and allows for more frequent reviews at the court's discretion. <u>Id.</u> Florida's SVP Act also allows a detainee to petition the court for release over the objection of the facility's director and at any time thereafter. <u>Id.</u>

Accordingly, any claims based upon allegations that Florida's SVP Act is unconstitutional because it does not provide for period assessments of a detainee's mental condition or a "judicial by-pass mechanism" are due to be dismissed for failure to state a claim upon which relief may be granted. Likewise, any claims against individual defendants based upon their adherence to Florida Statute § 394.920 are also dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

### 3. The statutory discharge criteria under Florida's SVP Act comports with due process

Plaintiff asserts that Florida's SVP Act is unconstitutional because the statutory discharge criteria for a civilly committed person are more stringent than the statutory commitment criteria. Again, the statement is simply untrue as it pertains to Florida's SVP Act.

Under the SVP Act, a person is subject to civil commitment as a sexually violent predator if a court or a unanimous jury finds, by clear and convincing evidence, that the person is a sexually violent predator. Fla. Stat. § 394.917. A "sexually violent predator" is any person who has been convicted of a sexually violent offense as defined by Florida Statute § 394.912(9) and "[s]uffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment." Fla. Stat. § 394.912(10). After commitment, the civil detainee is entitled to a release trial when there is probable cause to believe that his condition is "so changed that it is safe for the person to be at large and that the person will not engage in acts of sexual violence if discharged." Fla. Stat. § 394.918(3). The State then bears the burden at trial of proving by clear and convincing

evidence, "that the person's mental condition remains such that it is not safe for the person to be at large **and** that, if released, the person is likely to engage in acts of sexual violence." Fla. Stat. § 394.918(4) (emphasis added). These criteria are constitutionally sound.

The United States Supreme Court has clarified that the purpose of civil commitment "is to treat the individual's mental illness and protect him and society from his potential dangerousness." Jones v. United States, 463 U.S. 354, 368 (1983). A state may confine a mentally ill person if it shows that the individual is both mentally ill *and* dangerous. Foucha v. Louisiana, 504 U.S. 71, 80 (1992). Accordingly, it is axiomatic that civilly committed persons are entitled to release when they have recovered their sanity or are no longer dangerous. O'Conner v. Donaldson, 422 U.S. 563, 575 (1975) (noting that an involuntary commitment cannot constitutionally continue after the basis for it no longer exists). Florida's SVP Act requires the state to prove that a civil detainee is both still mentally ill and poses a danger to society if released; otherwise, the detainee is entitled to release. Fla. Stat. § 394.918(4). Accordingly, Florida's SVP Act comports with due process as it relates to release criteria. See Hendricks, 521 U.S. at 358 ("We have sustained civil commitment statutes when they have coupled proof of dangerousness with the proof of some additional factor such as mental illness or mental abnormality") (internal quotations omitted).

Any claims predicated upon the alleged facial unconstitutionality of Florida's SVP Act as it relates to release criteria are dismissed for failure to state a claim upon which relief may be granted. Likewise, the claims against the individual defendants based

upon their adherence to Florida's SVP Act as it relates to release criteria are dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

4. **Florida's SVP Act does not impermissibly shift the burden of proof to the detainee to prove that he is entitled to release**

Plaintiff argues that Florida's SVP Act is not narrowly tailored because "the statute impermissibly places the burden on him and non-committed individuals to demonstrate that they should be placed in a less restrictive setting."

To the extent Plaintiff asserts that Florida's SVP Act places the burden on the detainee to show his entitlement to release, this is simply not true. Under Florida's SVP Act, "the **state** bears the burden of proving, by clear and convincing evidence, that the [detainee's] mental condition remains such that it is not safe for the person to be at large and that, if released, the person is likely to engage in acts of sexual violence." Fla. Stat. § 394.918(4) (emphasis added).

Accordingly, any claims challenging the facial constitutionality of Florida's SVP Act as they relate to the detainees' burden of proof are dismissed for failure to state a claim upon which relief may be granted. Likewise, the claims against the individual defendants based upon their adherence to Florida's SVP Act as it relates to a detainee's burden of proof are dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

5. **The Florida SVP Act requires the Secretary of the Department of Children and Families or the Secretary's designee to authorize a detainee to petition the court for release if it is determined that the person is not likely to commit acts of sexual violence if discharged**

Plaintiff asserts that the SVP Act does not require Defendants to take affirmative action, such as petition for a reduction in custody on behalf of Plaintiff. Again, this factual

allegation is blatantly contradicted by the language in the SVP Act. Florida's SVP Act provides that:

> If the secretary or the secretary's designee at any time determines that the person is not likely to commit acts of sexual violence if discharged, the secretary or the secretary's designee **shall authorize** the person to petition the court for release. The petition shall be served upon the court and the state attorney. The court, upon receipt of such a petition, shall order a trial before the court within 30 days, unless continued for good cause.

Fla. Stat. § 394.919(1) (emphasis added). By its clear terms, § 394.919(1) requires the state to take affirmative action, in the form of authorizing the detainee to petition the court for release, if it is determined that a detainee may be entitled to release.

Accordingly, any claim challenging the facial constitutionality of Florida's SVP Act as it relates to the defendants' requirement to take affirmative action on behalf of individuals who no longer satisfy the criteria for continued commitment is dismissed for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

### 6. Plaintiff has not stated an Equal Protection claim

The Fourteenth Amendment to the United States Constitution provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." The Supreme Court has expressed that there is "a strong presumption that gender classifications are invalid" under the Equal Protection Clause. J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, 152 (1994). Plaintiff asserts that defendants violated his Fourteenth Amendment right to equal protection because:

> [H]is liberty has been implicated as a result of Fla. Stat. § 394 Part V. being unconstitutional on its face as the result of Defendants, Kristin Kanner, George Zoley, Mike Carroll, Dr. Donald Sawyer, and Dr. Rebecca Jackson, and State Attorney utilizing the statute to punishing and/or detain "Male" sex offenders after completion of their prison sentence and

> not applying the same standard to "Female" sex offender for
> their past and present sexual violent offenses.

Amended Complaint at 23. Accordingly, Plaintiff alleges that Florida's SVP Act does not apply the same standards to female sex offenders who commit the same types of crimes as male sex offenders. Id.

Plaintiff provides no factual assertions to support this conclusory claim, and his legal conclusion, in terms of the wording of the statute, is false. Florida's SVP Act does not target "men," but rather "sexually violent predators." Fla. Stat. § 394.912(10). Sexually violent predators are not a protected class under the Fourteenth Amendment's Equal Protection Clause. When a statutory scheme does not specifically classify based on a suspect class (such as persons of a certain race, alienage, religion, gender, or national origin), "uneven effects upon" suspected classes "are ordinarily of no constitutional concern." Personnel Adm'r of Massachusetts v. Feeney, 442 U.S. 256, 272 (1979). The Fourteenth Amendment "guarantees equal laws, not equal results." Id. at 273.

Still, "when a neutral law has a disparate impact" on a suspect class "an unconstitutional purpose may still be at work," and the Court does not doubt that Florida's SVP Act has almost exclusively affected men. Feeney, 442 U.S. at 273. However, in order to state a viable disparate impact claim, a claimant must prove that the intention of the law was to discriminate against a suspect class. M.L.B. v. S.L.J., 519 U.S. 102, 135 (1996). If the impact of a law "could not be plausibly explained on a neutral ground, impact itself would signal that the real classification made by the law was in fact not neutral." Feeney, 442 U.S. at 275.

As previously stated, the legislature's intent in creating Florida's SVP Act was to "create a civil commitment procedure for the long-term care and treatment of sexually violent predators." Fla. Stat. § 394.910. The SVP Act's primary purpose is to protect the public and treat sexually violent predators. Id. These purposes are entirely rationally related to a legitimate state interest. Any assertion that Florida's SVP Act targets the male gender with respect to anything other than the proclivity of some males to be sexually violent predators is untenable. If a woman is determined to be a sexually violent predator, the clear terms of the Florida's SVP Act would apply to her as well. Id. To imply that the Florida Legislature passed the statutes in order to fulfill a discriminatory animus it harbors against men is speculative and implausible. Furthermore, given the gender neutral language in Florida's SVP Act, Plaintiff's Amended Complaint rests on a legal conclusion, i.e. the statutes (and defendants) "do not apply the same standard[s] to female sex offenders," but he provides no facts in support thereof. Therefore, Plaintiff has not stated an equal protection claim, and his equal protection claim is dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendants' motion to dismiss (Doc. #31) is **GRANTED**. Plaintiff's Amended Complaint is dismissed for failure to state a claim on which relief can be granted and for failure to comply with Rules Eight and Ten of the Federal Rules of Civil Procedure.

2. With no remaining defendants or claims in this action, the **Clerk of Court** is directed to terminate all pending motions, enter judgment in favor of the defendants, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this 21st day of June, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

FTMP-1
Copies: All Parties of Record